UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS PUBLISHING, INC.,

    Plaintiff,

v.                                       CASE NO: 8:06-cv-1521-T-23TGW

1801, LLC d/b/a THE MAXXIM MEN'S CLUB
AND STEAKHOUSE, et al.,

    Defendants.

_____/

## **ORDER**

Dennis Publishing, Inc. ("the plaintiff") sues (Doc. 1) 1801, LLC ("1801"), Westshore Restaurant & Food, LLC ("Westshore"), Eugene O'Steen ("O'Steen"), Keith Johnson ("Johnson"), and Maria Dugarte ("Dugarte") for trademark infringement, unfair competition, trademark dilution, and related claims. Defendants 1801, O'Steen, and Johnson ("the movants") move (Doc. 8) to dismiss the complaint for failure to state a claim.

In considering a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a district court is limited to a review of the allegations set forth in the complaint. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). The movants' memorandum (Doc. 8) relies exclusively on matters outside the four corners of the complaint but fails to include any evidence sufficient (depositions, affidavits, admissions, answers to interrogatories, etc.)

to convert the motion to one for summary judgment pursuant to Rule 56(c), Federal Rules of Civil Procedure.

In evaluating the sufficiency of a complaint, a court "must accept the well-pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph Hospital Inc. v. Hospital Corp. of America, 795 F.2d 948 (11th Cir. 1986)). The plaintiff's complaint (Doc. 1), which alleges with significant detail the movants' liability, provides (at minimum) "a short and plain statement showing that the plaintiff is entitled to relief" and "fair notice of what the plaintiff's claim is and the grounds that support it." Business Radio, Inc. v. Reim Wireless Corp., 373 F.Supp. 2d 1317, 1319 (M.D. Fla. 2005). Because the federal standard for notice pleading is exceedingly low, the movants' motion to dismiss (Doc. 8) is **DENIED**. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

ORDERED in Tampa, Florida, on September 19, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE